IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

FILED
AUG 26 2009

| | |
|---|---|
| **Michael Antwand Gray,**<br>Plaintiff, | )<br>)<br>) |
| v. | )     1:09cv538 (AJT/IDD) |
| | ) |
| **Officer B.O Wages,**<br>Defendant. | )<br>) |

## MEMORANDUM OPINION AND ORDER

Michael Antwand Gray, a Virginia inmate proceeding pro se, filed this civil rights action, pursuant to 42 U.S.C. § 1983. In his initial complaint, plaintiff alleged that his rights under the Fourth Amendment were violated during a traffic stop. Plaintiff named as defendants Chief William Freeman and Officer B.O. Wages of the Suffolk Police Department. By Order dated June 10, 2009, plaintiff's claim against Chief Freeman was dismissed with prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim, and plaintiff was directed to particularize and amend his allegations with regard to Officer Wages and to consent to the collection of filing fee payments from his inmate account. Plaintiff has now submitted an amended complaint in compliance with those directions, setting out the following claims: (1) use of excessive force in violation of the Fourth Amendment against Officer Wages; (2) failure to investigate plaintiff's grievance against Sergeant Burch, Internal Affairs Supervisor for the City of Suffolk Police Department; and (3) employment of Officer Wages against the City of Suffolk. After review of plaintiff's amended complaint, his claims against Sergeant Burch and the City of Suffolk will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim,[1] and his claim against Officer Wages will continue.

---

[1] Section 1915A provides:

# I. Standard of Review

In reviewing a complaint pursuant to § 1915A, a court must dismiss a prisoner complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1). Whether a complaint states a claim upon which relief can be granted is determined by "the familiar standard for a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." Sumner v. Tucker, 9 F.Supp.2d 641, 642 (E.D.Va. 1998). Thus, the alleged facts are presumed true and the complaint should only be dismissed when it fails to state a claim for relief that is plausible on its face. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

# II. Merits

## Claim (2): Failure to Investigate

Plaintiff alleges in the Amended Complaint that plaintiff spoke to Sergeant Burch about the traffic stop and his alleged brutalization by Officer Wages on May 7, 2008, and Burch told plaintiff that the matter would be investigated. Plaintiff also filed a formal grievance against Officer Wages, and wrote to Sergeant Burch in February, 2009 inquiring about the outcome of the investigation and his complaint against Wages, but plaintiff never heard back from Burch.

To state a cause of action under § 1983, a plaintiff must allege facts indicating plaintiff was

---

(a) **Screening.**—The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

(b) **Grounds for dismissal.**—On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—
    (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted; or
    (2) seeks monetary relief from a defendant who is immune from such relief.

deprived of rights guaranteed by the Constitution or laws of the United States and that this deprivation resulted from conduct committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42 (1988). Thus, each named defendant must have had personal knowledge of and involvement in the alleged violations of plaintiff's constitutional rights for the action to proceed against them. Plaintiff has sued Sergeant Burch, but plaintiff does not allege, nor does anything in the complaint suggest, that defendant Burch personally deprived plaintiff of any right protected by the Constitution or under federal law. Therefore, plaintiff states no claim for which § 1983 relief is available against Sergeant Burch, and his claim will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).[2]

### Claim (3): Municipal Liability

Plaintiff alleges in the amended complaint that the City of Suffolk should be held liable to him "for allowing Officer Wages to remain on the force without the City doing a proper investigation." Plaintiff fails to provide any additional details or facts with respect to this claim, and his bare and conclusory allegations fail to state a claim of any constitutional violation and will be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

Moreover, to the extent that claim 3 alleges any municipal liability on the part of the City of Suffolk, plaintiff also fails to state a claim. Although the Supreme Court has held that a municipality is among the "persons" who may be sued under § 1983, such liability may not be imposed merely because a city employee violates plaintiff's constitutional rights. Monell v. New York City Dept. Of Soc. Servs., 436 U.S. 658, 691 (1978). Instead, a municipality may be held liable for the actions

---

[2] Although claim 2 is not cognizable as a 42 U.S.C. § 1983 claim, plaintiff is not without a remedy as he can seek redress through an appropriate state court action.

of its employees only "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Id. at 694. While plaintiff alleges that Officer Wages used excessive force while detaining him, plaintiff has not alleged that the officer acted pursuant to a "policy or custom" of the City of Suffolk. Thus, to the extent that plaintiff is attempting to raise a claim of municipal liability, plaintiff has failed to state a claim against the City of Suffolk, and this defendant must also be dismissed.

### III. Claim Against Officer Wages

In compliance with the Order of June 10, 2009, plaintiff has submitted an application to proceed in forma pauperis and has consented to pay an initial filing fee and to make subsequent payments, pursuant to 28 U.S.C. § 1915(b), until he has paid the full $350.00 filing fee. Plaintiff's institution supplied information on plaintiff's inmate account reflecting that, for the past six months, plaintiff had an average monthly deposit of $168.50 to his inmate account, had an average monthly balance of $73.10, and a balance of $18.74 at the time of inquiry. Therefore, plaintiff will be required to pay an initial filing fee of $33.70 which is twenty percent (20%) of the greater of the average monthly deposits or balance for the last six months preceding filing of this complaint. See 28 U.S.C. § 1915(b)(1). After submitting his initial filing fee, plaintiff will be required monthly to remit to the Clerk twenty percent (20%) of any income into the plaintiff's inmate account, if that income causes his inmate account balance to exceed $10.00. 28 U.S.C. § 1915(b)(2). This shall continue until the full filing fee has been paid, even after the case is resolved or dismissed, if necessary.

Accordingly, it is hereby

ORDERED that plaintiff's application to proceed in forma pauperis (Docket # 2) be and is GRANTED; and it is further

ORDERED that the complaint be and is FILED in forma pauperis. Plaintiff is advised that failure to leave twenty percent (20%) of his monthly deposits in his inmate account in accordance with the Consent Form constitutes cause for immediate dismissal of this action; and it is further

ORDERED that plaintiff's claims against Sergeant Burch and the City of Suffolk be and are DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(b)(1) for failure to state a claim; and it is further

ORDERED that defendant Officer B.O. Wages file an answer or other responsive pleadings to the complaint in accordance with the attached Notice of Lawsuit and Request for Waiver of Service of Summons. Defendant is advised that it is normal practice in pro se prisoner civil actions for defendants to file dispositive motions, if warranted and appropriate, before the start of discovery; and it is further

ORDERED that, within twenty (20) days of the defendant filing any responsive pleading, the plaintiff file any reply, including counter-affidavits (sworn statements subject to the penalty of perjury), or other responsive material contesting the affidavits or records filed by the defendant. See E.D. Va. Local Civ. R. 7(K); Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). Unless the plaintiff or defendant explicitly request additional time for filing additional materials, the case will be considered ripe for disposition twenty (20) days after defendant files a responsive pleading; and it is further

ORDERED that plaintiff serve a copy of every document plaintiff files in this proceeding upon all parties by mailing the document to each party's counsel, pursuant to Fed. R. Civ. P. 5; and

it is further

ORDERED that plaintiff be advised that if the Court is unable to effect service on the defendant through this Order and the defendant is not otherwise served within 120 days of filing,[3] the defendant will be dismissed from the instant action without prejudice. See Fed. R. Civ. P. 4(m); and it is further

ORDERED that plaintiff's correctional institution is DIRECTED to send to this Court an initial filing fee of $33.70 within thirty (30) days of the date of this Order. Subsequently, plaintiff's correctional institution is DIRECTED to submit twenty percent (20%) of plaintiff's preceding month's income any time his monthly account balance is at least $10.00 until the full $350.00 filing fee has been paid. Should plaintiff fail to keep twenty percent (20%) of his preceding month's income in his account, the correctional institution is DIRECTED to complete the enclosed Report of Violation of the Consent Order and return it to this Court.

The Clerk is directed to send of copy of this Order to plaintiff; a copy of this Order, a copy of the signed Consent Form (Docket # 4), and the Report of Violation of the Consent Order to plaintiff's correctional institution; and a copy of this Order, the complaint (Docket # 1), the amended complaint (Docket # 5), and the Notice of Lawsuit and Request for Waiver of Service of Summons to defendant Officer B.O. Wages at the City of Suffolk Police Department, 120 North Wellens Street, Suffolk, Virginia 23434.

Entered this 26th day of August 2009.

Alexandria, Virginia

Anthony J. Trenga
United States District Judge

---

[3] For purposes of calculation, the complaint is deemed filed as of the date of this Order.